[No. 8361. In Bank. — May 28, 1886.]

JOHN O'KANE, APPELLANT, v. GEORGE HYDE, RESPONDENT.

ASSIGNMENT FOR BENEFIT OF CREDITORS — PARTNERSHIP — PREFERENCE GIVEN TO FIRM CREDITORS. — An assignment for the benefit of creditors, made by a partnership, of their individual as well as of their partnership property, is void as to creditors, if a preference is given to the partnership creditors over the individual creditors as to the individual property.

ID. — VALIDITY OF ASSIGNMENT — GARNISHED DEBTOR MAY DISPUTE. — On the 22d of March, 1879, the firm of Daly & Hawkins made an alleged assignment for the benefit of their creditors to the plaintiff. At that time, the defendant, George Hyde, was indebted to the firm of Daly & Hawkins on two promissory notes in the sum of $3,445, and the firm were indebted to the Hibernia Savings and Loan Society in the sum of $6,000. On the 27th of March, 1879, in an action brought by the Hibernia Savings and Loan Society against Daly & Hawkins, the debt due by Hyde to them was garnished, and was subsequently paid by him in satisfaction of the judgment recovered in the action by the Hibernia Savings and Loan Society. On the 10th of April, 1879, the assignee, O'Kane, commenced an action against Daly & Hawkins, the Hibernia Savings and Loan Society, and other general creditors of Daly & Hawkins, to be discharged of his trust, and in the complaint therein enumerated the notes as among the assets delivered to him by Daly & Hawkins. The Hibernia Savings and Loan Society in its answer denied the right of O'Kane to be discharged of his trust, and prayed that the assignment be adjudged void. On the 7th of October, 1880, an order was made by the superior judge before whom the suit was pending, directing O'Kane to bring an action against the defendant Hyde for the collection of the notes. The present action was thereupon brought. The answer of the defendant set up the payment of the notes under the garnishment to the Hibernia Savings and Loan Society, and alleged that the assignment to the plaintiff was void because it gave a preference to the partnership creditors of Daly & Hawkins over the individual creditors as to the individual property. On the 4th of December, 1880, a judgment in the case of *O'Kane* v. *Daly et al.* was rendered, discharging the plaintiff from his trust as assignee. *Held*, that the action of *O'Kane* v. *Daly et al.* was not, as to the defendant or the Hibernia Savings and Loan Society, an adjudication as to the validity of the assignment, and that the defendant could dispute its legality.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to recover the amount alleged to be due on certain promissory notes. The further facts are stated in the head-notes and opinion.

*Edward P. Cole,* for Appellant.

*Tobin & Tobin,* for Respondent.

MYRICK, J.—The court below construed the assignment by Daly & Hawkins to O'Kane as an assignment of their individual as well as of their partnership prop-

erty, and as it directed all of the property assigned to be applied to the payment of partnership debts, held the assignment void as thus giving a preference to the partnership creditors over the individual creditors as to the individual property.

We are of opinion this construction is correct, and that the assignment was void as to creditors. The defendant, Hyde, was a debtor of the assignors; the Hibernia Savings and Loan Society was their creditor; as such creditor, it recovered of Hyde, by garnishment proceedings, the amount of its debt due from the assignors. Hyde, by reason of his relation to the society under the garnishment proceedings, and his payment to it under such proceedings, could make inquiry into the legality of the assignment.

We are of opinion that the former action, *O'Kane* v. *Daly & Hawkins,* was not, as to the defendant herein or as to the Hibernia Savings and Loan Society, an adjudication as to the validity of the assignment.

Judgment and order affirmed.

SHARPSTEIN, J., MORRISON, C. J., and MCKINSTRY, J., concurred.

Rehearing denied.